**CITY OF LOUISVILLE, Appellant,**

v.

**MELTON FOOD MARTS, INC., Appellee.**

Court of Appeals of Kentucky.

April 7, 1978.

Burt J. Deutsch, City of Louisville, Director of Law, Paul V. Guagliardo, Asst. Director of Law, Louisville, for appellant.

G. Murray Turner, Mulhall, Major & Turner, Louisville, for appellee.

Before HOWERTON, LESTER and WHITE, JJ.

HOWERTON, Judge.

This is an appeal from a declaratory judgment determining that appellee was not in violation of KRS 363.770 for selling whole barbecued chicken at a unit price rather than by weight. It has been said that the meat of the issue on this appeal is chicken.

In order to insure that meat, poultry and seafood are properly weighed and measured, and that Kentucky consumers of such products are adequately protected, the Kentucky General Assembly enacted what is now KRS 363.770, which provides in part:

Except for immediate consumption on the premises where sold, or as one of several elements comprising a ready-to-eat *meat* sold as a unit for consumption elsewhere than on the premises where sold, all meat, meat products, poultry (whole or parts), and all seafood except shellfish, offered or exposed for sale or sold as food shall be offered or exposed for sale and sold by weight. (Emphasis added.)

The Kentucky Administrative Regulations pertaining to weights and measures have provided in 302 KAR 76:005(5):

Meat, Poultry and Seafood.

(1) Shall be sold by weight, except the following, which may be sold by weight, measure, or count:

. . . . .

(b) Items sold for consumption on the premises.

(c) Items sold as one of several elements comprising a ready-to-eat *meal* sold as a unit for consumption elsewhere than on the premises where sold. (Emphasis added.)

The consumer advocates in the Louisville Division of Weights and Measures have since been scurrying about the city like Chicken Little, thinking the sky was falling because appellee was selling whole barbecued chicken by the unit rather than by weight. Appellee was charged with the violation of KRS 363.770, and brought an action in the Jefferson Circuit Court for a declaratory judgment to determine his legal rights and duties.

The parties stipulated the facts and submitted three questions to the circuit court for determination. They were:

A. Does the practice of selling prepared and cooked chicken in the delicatessen section of appellee's food markets at a unit price rather than by weight constitute a violation of KRS 363.770?

B. Does the practice of certain restaurants or "fast food" establishments of selling prepared and cooked chicken which in fact is sometimes taken away from the premises of the business for consumption elsewhere constitute a violation of KRS 363.770?

C. Does the enforcement of KRS 363.-770 against appellee's sale of poultry, and not against certain practices of "fast food" establishments constitute selective enforcement by the City of Louisville?

Judge Charles M. Leibson made an important and reasonable distinction between unprepared food which is sold by weight to protect consumers so they know what they are getting, and prepared foods which are bought as much for the way they are cooked, as for their quantity. He found in favor of the appellee in all respects, and appellant raises the same questions on this appeal.

Appellant attempts to argue that KRS 363.770 should be read as if the exception was for a ready-to-eat *meal* rather than a ready-to-eat *meat*. As will be noted above, the administrative regulation does read "meal". The trial judge held that appellee was entitled to have the statute considered as written, and that the Director of Weights and Measures had no right to prepare a regulation in conflict with the statute. Clearly, a whole barbecued chicken would be a "ready-to-eat meat," but we would nevertheless have to decide in favor of the appellee on this appeal, even if we should conclude that the legislature intended for the statute to mean "meal". We therefore need not consider all of the questions involved in statutory interpretation in this opinion.

There is no substantial difference between the practices carried on by the appellee, and the practices carried on by "fast food" establishments. Appellant readily admits that the "fast food" establishments are exempt from selling their meat products by weight. Many food markets have a delicatessen section in their stores, and appellant admitted, on oral argument, that if appellee had one table and one chair where the food could be consumed on the premises, or if appellee served a roll or napkin along with the barbecued chicken, the exemption would apply. We do not desire to get into silly distinctions without any real differences, but it is a fact that many individuals who purchase chicken at an establishment such as Kentucky Fried Chicken, purchase only chicken and they do not consume it on the premises. Furthermore, the barbecued chicken prepared by appellee is a ready-to-eat meat, and it could certainly be considered a ready-to-eat meal. It is not necessary that the consumer have a salad and vegetable with the barbecued chicken in order to have a "meal".

Such establishments as Kentucky Fried Chicken, Burger Queen, Long John Silvers, Krogers, A&P, and Winn-Dixie, all sell chicken by the piece, and for consumption away from the premises, and the products are sold as much for their distinctive flavor, seasoning and preparation, as they are for the actual amount involved. If appellant's argument is followed completely, the "fast food" and other delicatessen outlets would not be in compliance with the statute any time a customer purchased nothing but chicken to be taken from the premises for consumption.

Because we have concluded that appellee is not in violation of the real intent of the statute, we need not decide the question of selective enforcement against the appellee by the appellant.

Appellant also argues that the circuit court erred in its interpretation and construction of KRS 363.770 by failing to give effect to the intent of the legislature. We would agree with appellant that it is the duty of the court to interpret the law, not to enact legislation. *Chapman v. Chapman*, Ky., 498 S.W.2d 134 (1973). We fail to see the significance of appellant's argument, however, because we conclude that both the trial court and this court have done nothing but attempt to interpret the legislation. There can be no doubt that the interpretation of a statute is a proper judicial function. *Masonic Widows and Orphans Home and Infirmary v. City of Louisville*, 309 Ky. 532, 217 S.W.2d 815 (1949). Merely because the circuit court's interpretation differs from that of appellant does not mean that it has "substituted" its opinion for that of the legislature. If any substituting of opinion has occurred, it has been on the part of the appellant which has come up with a rather warped concept of how the statute should be applied.

Judge Leibson concluded in his Memorandum Opinion that the intention of KRS 363.770 was to require meat, poultry and seafood sold to be taken home and prepared to be sold only by weight. He added, "Where the product is distinctive at least as much for the manner in which it is prepared, as for the amount involved, it would be arbitrary and capricious to regulate its sale by weight only." We agree with this logic and conclude that Melton Food Marts, Inc., has not violated the statute by selling its whole barbecued chicken at a unit price.

The consumer has been protected, and the scales of justice tip in favor of the appellee. The judgment of the trial court is affirmed.

All concur.