**CITY OF ERLANGER, Kentucky, Appellant,**

**v.**

**AMERICAN ISOWALL CORPORATION, a Kentucky Corporation et al., Appellees.**

**R. A. JONES & CO., INC. et al., Appellants,**

**v.**

**CITY OF CRESCENT SPRINGS, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 10, 1980.

Joseph L. Summe, Peter J. Summe, Summe & Summe, Covington, for appellees, American Isowall Corp., etc., et al.

Frank A. Wichmann, Covington, for appellants, City of Erlanger, Ky.

John Elfers, Kenton County Atty., Covington, for appellant, Kenton Co. Fiscal Court.

Jonathan A. Mason, Denicola & Mason, Covington, William J. Wehr, Twehues, Verst & Wehr, Newport, for appellee, City of Crescent Springs, Ky.

Frank Gofton Ware, Vest, Ware & Monohan, Florence, Sheryl G. Snyder, Janet G. Marcum, Wyatt, Grafton & Sloss, Louisville, for R. A. Jones & Co., Inc., et al.

Before HAYES, C. J., and BREETZ and GANT, JJ.

HAYES, Chief Judge.

In these appeals which were heard together, we are asked to determine whether an industrial plant may maintain an action to invalidate an annexation ordinance which fails to comply with the criteria of KRS 81.280, when said plant has not filed a remonstrance suit within the thirty (30) day statute of limitations set forth in KRS 81.-110.

The facts of the first case, *City of Erlanger v. American Isowall Corporation et al.* follow. Erlanger, a city of the third class, enacted Ordinance # 1614 on February 15, 1977 in which it proposed to annex an unincorporated area in which various industries, appellees here, are located. On June 20, 1978, Erlanger enacted Ordinance # 1652 annexing the area in which the sites are located. On February 6, 1979 the industries involved filed a declaratory judgment action seeking to have the annexation ordinance declared null and void. The parties stipulated that no representative for the industries had consented to the annexation and that on February 15, 1977 and June 20, 1978, the number of registered voters duly qualified to vote in the annexation area did not equal or exceed fifty percent (50%) of the average number of persons employed by the industrial plants within such territory within the next preceding calendar year. Motions for summary judgment having been made by the parties, the case was submitted to the trial judge with an agreed stipulation of facts. The trial court found that since Erlanger had failed to comply with the prerequisite terms and conditions of KRS 81.280 that the annexation ordinances were invalid. Erlanger appeals on

the theory that the industries' action was barred as not having been commenced within thirty days as required by KRS 81.110. Alternatively Erlanger argues that if the judgment is affirmed it should be amended to provide that the annexation ordinance is void only as to those portions of the annexed area in which the industrial plants are located.

The following states the operative facts of the second case, *R. A. Jones & Co. et al. v. City of Crescent Springs.* Jones operates an industrial plant in Kenton County. Jones conveyed the twenty–four (24) acre plant site to Kenton County to facilitate plant construction by the issuance of revenue bonds. Kenton County, the plant owner, then leased the plant and plant site to Jones with a repurchase option.

In 1969 Crescent Springs, a city of the fifth class, enacted an ordinance which annexed, with the exception of the area actually occupied by the plant, the twenty–four acre plant site, adjacent property owned by Jones and adjacent property owned by third parties. In 1978, Crescent Springs enacted an ordinance annexing that portion of the twenty–four acre site not annexed in the 1969 ordinance, said area being the property actually occupied by the plant. Crescent Springs admitted that no authorized representative of Jones consented to the annexations of 1969 or 1978. Crescent Springs also admitted that at the time of the 1969 and 1978 annexations there were no registered voters in the respective territories sought to be annexed. No remonstrance actions were filed concerning either annexation. Jones and Kenton Fiscal Court filed a declaratory judgment action seeking to have the 1969 and 1978 annexation ordinances declared null and void. The parties having moved for summary judgments, the trial court entered judgment for Crescent Springs determining that KRS 81.280(2) establishes defenses which, if not raised by the industry in a timely remonstrance action, are waived.

On appeal, Jones argues that an annexation ordinance may be directly attacked if it is contrary to a statute or the constitution, that Crescent Springs' annexation ordinances are void as being violative of KRS 81.280, and that Crescent Springs' annexation ordinances are void as being unconstitutional.

 It has long been the law in this Commonwealth that municipalities are permanent elements established by the Kentucky Constitution. However, it is equally undisputed that municipalities are subject to the control and regulation of the legislature. The legislature prescribes the terms and conditions whereby municipalities may enlarge or diminish their boundaries. *See Carrithers v. City of Shelbyville*, 126 Ky. 769, 104 S.W. 744 (1907).

The statute with which we are here concerned, KRS 81.280, was enacted in 1956 and reads as follows:

(1) The general assembly, recognizing that the general welfare and prosperity of the Commonwealth of Kentucky is very greatly dependent upon continued industrial development and expansion; and, further recognizing that reasonable assurances of fair treatment will greatly increase industrial development and expansion in Kentucky, it hereby is declared to be the public policy of the Commonwealth of Kentucky to encourage the location of new industries and the expansion of existing industries in Kentucky by prohibiting unfair and unreasonable annexation by municipal corporations of industries now or hereafter located in unincorporated areas. However, it is not the intent of the general assembly to prohibit, restrict or hamper normal expansion of municipal boundaries if such normal development and expansion extends to and embraces such industrial properties.

(2) No unincorporated territory in which is located an industrial plant or plants shall be annexed by any municipality unless such territory is embraced within a broad, comprehensive plan of annexation. The territory to be annexed shall be contiguous to the boundary line or lines of such municipality, and the territory or area to be annexed shall be both compact and contiguous. The num-

ber of registered voters duly qualified to vote in the territory proposed to be annexed shall equal or exceed fifty per cent (50%) of the average number of persons employed by industrial plants within such territory during the next preceding calendar year, the number of such registered voters to be determined by taking the total of such voters from the last closed registration books in the county clerk's office.

(3) Nothing herein shall be construed as prohibiting any municipality from annexing any industrial plant or plants or its properties if the duly authorized representative of such industrial plant or plants consent to or request such action.

(4) Any person or persons within the area proposed to be annexed shall have the right to file a protest and to have the protest heard and determined as now provided by existing statutes.

In the case of *White v. City of Danville*, Ky., 465 S.W.2d 67 (1971), the former Court of Appeals in upholding the constitutionality of KRS 81.280 stated at 69:

KRS 81.280 when read in its entirety is simply *a statute prohibiting a municipality from annexing industrial sites* where the population of the site is so low as to make any service the city could render insignificant in comparison to the revenues and taxes that it would glean from the industry. (Emphasis added).

The court further stated at 70 that industries "would not be subjected to municipal annexation and taxation until the number of persons in the territory of their location equal 50% of the persons employed by such plants." That the provisions of KRS 81.280 and especially of subsection (2) are conditions precedent to annexation is also evidenced by the language of *City of Hickman v. Choate*, Ky., 379 S.W.2d 238 (1964) where at 243 the court stated:

In brief, this statute provides that an unincorporated area in which an industrial plant is located cannot be annexed without the consent of the plant unless it is embraced within a broad, comprehensive plan of annexation, is contiguous to

the city, and is itself compact and contiguous, and unless the number of voters in the area equals or exceeds the number of persons employed by industrial plants therein.

In other words, if any of the above conditions are not met, the consent of the industry as provided by KRS 81.280(3) must be obtained in order to validly annex such an area.

■ This court, in *Rector v. City of Bowling Green*, Ky.App., 594 S.W.2d 891 (1980), announced that if an annexation plan were arbitrary and not within normal expansion, the industry had the option to forestall annexation through subsection (2) or consent through subsection (3). If however, the annexation were within normal expansion then subsection (4) provided industry the same remedy as any other person, remonstrance pursuant to existing statutes. *Rector* is a clear indication that the protection of subsection (2) may be sought in an action which is not part of a remonstrance suit. Our examination of the foregoing authorities and of the obvious intent of the legislature to grant protection to and encourage industrial development, leads to the inescapable conclusion that, in the absence of the industry's consent as provided in subsection (3), an annexation must comply with the conditions of subsection (2). The legislature left no discretion to the municipality in the matter. When there is involved no discretion, failure to meet the conditions renders the action void not merely voidable. *See Ridings v. City of Owensboro*, Ky., 383 S.W.2d 510 (1964). Having determined that the ordinances in both cases are not in compliance with KRS 81.-280(2) and (3) are void, we need not address the constitutional question raised by Jones.

■ Crescent Springs argues that Jones is somehow estopped from attacking the validity of the 1969 ordinance. We do not agree. Certainly in the case at bar the common elements of estoppel are absent. Even when estoppel has been discussed by the courts of this Commonwealth, the question ultimately became whether the setting aside of the annexation would result in

**132**

great public inconvenience because of the issuing of bonds or the making of substantial improvements. *O'Hara v. City of South Ft. Mitchell*, Ky., 290 S.W.2d 455 (1956). The record here reflects no such inconvenience would result from the voiding of the 1969 as well as the 1978 Crescent Springs ordinance.

■ The cities' argument that the industries may only attack the annexation ordinances through a remonstrance action brought within thirty days is in error for two reasons. First, the *Rector* case determined that an action based upon subsection (2) was distinct from a remonstrance action, each arising from a separate set of circumstances. Second, the law of the Commonwealth is that, "The validity of an annexation ordinance may be questioned independently of a remonstrance suit." *Garner v. City of Lexington*, Ky., 306 S.W.2d 305, 306 (1957). It should also be noted that the cities' reliance on OAG 78–833 is misplaced. The opinion deals only with KRS 81.280(4) and the time in which a remonstrance suit may be brought. The opinion specifically states that it is not dealing with subsection (1), (2) and (3), the exceptions to the general annexation provisions.

■ An ordinance which violates state law cannot stand. *City of Owensboro v. Board of Trustees, City of Owensboro Employees Pension Fund*, 301 Ky. 113, 190 S.W.2d 1005 (1945). The industries may question the validity of the ordinances in a direct attack. The arguments of Crescent Springs concerning the availability of information needed to comply with subsection (2) are not persuasive. Certainly any industry would readily supply employee data if such could prevent a possibly undesired annexation.

In the Erlanger case, appellant Erlanger urges that if the nullity of the ordinance is upheld as to the industrial property that said ordinance not be declared void as to areas in the annexed territory which do not contain industrial plants. Since Erlanger never raised this issue at the circuit court level, it may not first do so on appeal.

The judgment in the Erlanger case is affirmed. The judgment in the Crescent Springs case is reversed.

All concur.