LIQUOR OUTLET, LLC, Appellant,

v.

ALCOHOLIC BEVERAGE CONTROL BOARD, Commonwealth of Kentucky and Department of Alcoholic Beverage Control, Commonwealth of Kentucky, Appellees.

No. 2003–CA–001886–MR.

Court of Appeals of Kentucky.

July 30, 2004.

Kenneth S. Handmaker, Louisville, KY, for appellant.

Stephen B. Humphress, Frankfort, KY, for appellee.

Before COMBS, Chief Judge;
SCHRODER and VANMETER Judges.

## OPINION

SCHRODER, Judge.

This is an appeal from an opinion and order of the Franklin Circuit Court affirming a decision of the Alcohol Beverage Control ("ABC") Board suspending appellant's license for a period of five days for the sale of package liquor on Sunday. Upon review of the applicable statutes, we affirm the decision of the ABC Board because the city ordinance which appellant claims permitted the sale of distilled spirits and wine by the package on Sundays was enacted in contravention of the version of KRS 244.290 in effect in 1992, and was, thus, void. However, we reverse that portion of the opinion and order which further held that under the current version of KRS 244.290, local governments are not permitted to regulate the sale of package retail liquor and wine on Sundays.

Appellant, Liquor Outlet, is a retail seller of packaged distilled spirits and wine in the City of Bellevue, a fourth class city in Kentucky. In 2001, Liquor Outlet filed a declaratory judgment action in the Franklin Circuit Court seeking an advisory ruling on whether it could sell packaged distilled spirits and wine on Sundays under KRS 244.290 if the City of Bellevue passed an ordinance allowing such sales on Sundays. On November 29, 2001, the court dismissed the action because there was no case or controversy. Subsequently, it was discovered that the City of Bellevue had, in fact, enacted such an ordinance on October 14, 1992, which provided in pertinent part:

> (A) Pursuant to the authority of KRS 244.290 and KRS 244.480, no distilled spirits, wine and malt beverages may be sold at retail in the city between the hours of 2:00 a.m. and 6:00 a.m. of any day, nor from 2:00 a.m. until 12 p.m. (Noon) on Sunday. Further, no distilled spirits, wine or malt beverages shall be sold at retail in the city during the hours the polls are open in the city on any election day.

Bellevue Ordinance § 112.40.

Because of its belief that the above ordinance permitted the retail sale of packaged distilled spirits and wine on Sundays after noon in Bellevue, Liquor Outlet invited investigators with the ABC Department to

visit its store on a pre-arranged Sunday to purchase distilled spirits for the purpose of testing the ordinance. On Sunday July 28, 2002, at 12:30 p.m., an ABC department investigator arrived at the store and purchased a bottle of Jim Beam whiskey. Thereupon, Liquor Outlet was cited for unlawful sales of distilled spirits on Sunday in violation of KRS 244.290(3).

A hearing before the ABC Board was held on September 18, 2002. On November 14, 2002, the ABC Board issued its findings of fact, conclusions of law, and order in which it found Liquor Outlet acted in violation of KRS 244.290 and ordered that its various alcoholic beverage licenses be suspended for a period of five (5) days with the option of paying a $250 fine in lieu thereof. Liquor Outlet thereafter appealed the order to the Franklin Circuit Court. On August 19, 2003, the Franklin Circuit Court entered its opinion and order in which it affirmed the decision of the ABC Board. This appeal by Liquor Outlet followed.

■ The basic scope of judicial review of an administrative decision is limited to a determination of whether the agency's action was arbitrary. *Bobinchuck v. Levitch,* Ky., 380 S.W.2d 233 (1964). If an administrative agency's findings of fact are supported by substantial evidence of probative value, they must be accepted as binding and it must then be determined whether or not the agency has applied the correct rule of law to the facts so found. *Kentucky Unemployment Ins. Comm'n v. Landmark Community Newspapers of Kentucky, Inc.,* Ky., 91 S.W.3d 575 (2002). The Court of Appeals is authorized to review issues of law involving an administrative agency decision on a de novo basis. *Aubrey v. Office of the Attorney General,* Ky.App., 994 S.W.2d 516 (1998). In particular, an interpretation of a statute is a question of law and a reviewing court is not bound by the agency's interpretation of that statute. *Halls Hardwood Floor Co. v. Stapleton,* Ky.App., 16 S.W.3d 327 (2000).

The facts in the present case are undisputed. The sole issue is whether KRS 244.290 permitted the sale of package liquor on Sunday given the existence of the Bellevue ordinance in question. The current version of KRS 244.290, as amended in 1998, provides:

(1) A premises that is licensed to sell distilled spirits or wine at retail shall not be permitted to remain open during the hours the polls are open on any regular or primary election day unless the licensee provides a separate locked department in which all stock of distilled spirits and wine are kept during the hours the polls are open.

(2) In any county containing a city of the first or second class in which the sale of distilled spirits and wine by the drink is permitted under KRS Chapter 242, an election on the question of permitting the sale of distilled spirits and wine by the drink on Sunday may be held as provided in KRS Chapter 242.

(3) Except as provided in KRS 243.050, a premise for which there has been granted a license for the sale of distilled spirits or wine at retail shall not remain open for any purposes between midnight and 6 a.m. or at any time during the twenty-four (24) hours of a Sunday, unless:

(a) The licensee provides a separate locked department in which all stocks of distilled spirits and wine are kept during those times; or

(b) The legislative body of a city of the first, second, third, or fourth class, or the fiscal court of a county containing a city of the first, second, third, or fourth class, has otherwise established the hours and times in which distilled spirits

and wine may be sold within its jurisdictional boundaries.

(4) In any county containing a city of the first, second, or third class or any city located therein in which the sale of distilled spirits and wine is permitted under KRS Chapter 242, the legislative body of the city or county may, by ordinance, permit the sale of distilled spirits and wine by the drink on Sunday from 1 p.m. until the designated closing hour of that locality at hotels, motels, or restaurants which:

(a) Have dining facilities with a minimum seating capacity of one hundred (100) people at tables; and

(b) Receive at least fifty percent (50%) or more of their gross annual income from the dining facilities from the sale of food.

(5) In any county containing a city of the first class or in any city located therein in which the sale of distilled spirits and wine is permitted under KRS Chapter 242, the distilled spirits administrator may issue a license to holders of a distilled spirits and wine retail drink quota license or a special private club license which permits the sale of distilled spirits and wine by the drink on Sunday from 1 p.m. until the prevailing time for that locality.

(6) Any city of the fourth class or county containing a city of the fourth class which has enacted a comprehensive, regulatory ordinance relating to the licensing and operation of hotels, motels, inns, or restaurants for the sale of alcoholic beverages by the drink under KRS 242.185(1), may also regulate and provide for the limited sale of distilled spirits and wine by the drink on Sundays if:

(a) The limited Sunday drink licenses are issued only to those hotels, motels, inns, or restaurants authorized to sell alcoholic beverages by the drink under KRS 242.185(3); and

(b) The holders of distilled spirits and wine retail drink licenses have applied to the state administrator and meet all other legal requirements for obtaining a limited Sunday liquor by the drink license.

 The circuit court first found that the exception in section (3)(b) of the above statute would not apply to allow for Sunday package liquor sales in Bellevue because the city ordinance in question, which was enacted in 1992, was in conflict with the provisions of the version of KRS 244.290 that existed in 1992 and was therefore void. It has long been held that local government ordinances cannot be enacted without statutory authority and cannot be contrary to statutory law. *Rottinghaus v. Board of Commissioners of the City of Covington,* Ky.App., 603 S.W.2d 487 (1979). An ordinance which is not in compliance with statutory authorization is void. *City of Erlanger v. American Isowall Corp.,* Ky.App., 607 S.W.2d 128 (1980). Thus, in order for the Bellevue ordinance to be valid, it must have been enacted in conformity with KRS 244.290 as it existed in 1992, which provided as follows:

(1) No premises for which there has been granted a license for the sale of distilled spirits or wine at retail shall be permitted to remain open for any purpose between midnight and 8 a.m., or at any time during the twenty-four (24) hours of a Sunday, or during the hours the polls are open on any regular, primary, school, or special election day, provided, that if a licensee provides a separate department within his licensed premises capable of being locked and closed off, within which is kept all stocks of distilled spirits and wine, and all fixtures and apparatus connected with his business as a licensee, and said depart-

ment is kept locked during the times mentioned above, he shall be deemed to have complied with this section; except that the city council, board of aldermen, or other municipal legislative body of cities of the first, second, third, or fourth class in which traffic in distilled spirits and wine is permitted under KRS Chapter 242 shall have the exclusive right and power, by ordinance duly enacted, to establish the hours and times in which distilled spirits and wine may be sold within its jurisdictional boundaries, and except further that the fiscal court of each county in which cities of the first, second, third, or fourth class are located shall have the exclusive right and power to establish the hours and times in which distilled spirits and wine may be sold over that portion of the county which lies without the corporate limits of such cities, except any portion in which distilled spirits and wine are prohibited from being sold. Provided, however, that no distilled spirits or wine may be sold in any portion of the counties containing cities of the first, second, third, or fourth class during the twenty-four (24) hours between 6 a.m. Sunday and 6 a.m. Monday, except as provided in KRS 243.050 and subsections (2), (4), and (6) of this section, and that no distilled spirits or wine may be sold on any election day while the polls are still open; and provided, also, that all stocks of distilled spirits and wine must be kept locked during the hours which the licensee is prohibited from selling same.

(2) In any county containing a city of the first or second class in which the sale of distilled spirits and wine is permitted under KRS Chapter 242, an election on the question of permitting the sale of distilled spirits and wine by the drink on Sunday may be held as provided in KRS 242.020 to 242.040 and 242.060 to 242.120. In any election, the form of the proposition shall be, "Are you in favor of the sale of distilled spirits and wine by the drink between the hours of one p.m. and midnight on Sunday in (name of county)?"

(3) In any county containing a city of the first or second class in which the sale of distilled spirits and wine by the drink is permitted on Sunday as provided in subsections (2) and (4) of this section, holders of distilled spirits and wine retail drink licenses may apply to the administrator of the distilled spirits unit for a special Sunday sale retail drink license. Upon receipt of an application and payment of the prescribed fee, the administrator shall issue a license.

(4) In any county containing a city of the first or second class or in any city located therein in which sale of distilled spirits and wine is permitted under KRS Chapter 242, the respective legislative body of such city or fiscal court, of such areas, shall have the power by duly enacted ordinance, to permit the sale of distilled spirits and wine by the drink on Sunday from 1 p.m. until a closing hour to be established by the legislative body of the area concerned, by hotels, motels, and restaurants which are licensed for the retail sale of distilled spirits and wine by the drink and which have dining facilities with a minimum seating capacity of one hundred (100) people at tables and which receive at least fifty percent (50) or more of their gross annual income from their dining facilities by the sale of food.

(5)(a) Any hotel, motel, restaurant operation, convention center, or commercial airport which sells liquor on Sunday shall pay each of its employees wages at a rate of not less than the minimum wage as set forth in KRS 337.275(1), the

provisions of KRS 337.275(2) and KRS 337.010(2)(a)6. notwithstanding.

(b) No employer shall use all or part of any tips or gratuities received by employees toward the payment of the statutory minimum wage as required under KRS 337.275(1). Nothing, however, shall prevent employees from entering into an agreement to divide tips or gratuities among themselves.

(6) Any city of the fourth class or county containing a city of the fourth class which has enacted a comprehensive, regulatory ordinance relating to the licensing and operation of hotels, motels, inns, or restaurants for the sale of alcoholic beverages by the drink as provided in KRS 242.185(1), may also regulate and provide by ordinance for the special sale of distilled spirits and wine by the drink as authorized by subsections (2) and (4) of this section. Such special licenses shall only be issued to those hotels, motels, inns, or restaurants authorized to sell alcoholic beverages by the drink as provided in KRS 242.185(3). Holders of distilled spirits and wine retail drink licenses may apply to the administrator of the distilled spirits unit for the special retail drink license. Upon receipt of an application and payment of the prescribed fee, the administrator shall issue a license.

From the plain reading of section (1) of the above, the Legislature gave local governing bodies the authority to set the hours that distilled spirits and wine can be sold within its jurisdiction, subject to certain qualifications later set out in that section. The first of those qualifications is that "no distilled spirits or wine may be sold in any portion of the counties containing cities of the first, second, third, or fourth class during the twenty-four (24) hours between 6 a.m. Sunday and 6 a.m. Monday *except as provided in KRS 243.050 and subsections (2), (4), and (6) of this section.*" (emphasis added.) KRS 243.050 authorizes supplemental special Sunday liquor drink licenses for convention centers, horse race tracks, and commercial airports. In examining sections (2), (4), and (6), we see that they all relate to the steps the local governing body must take (holding an election, enacting an ordinance, or issuance of special licenses) in order to allow "the sale of distilled spirits and wine *by the drink*" on Sundays. (emphasis added.) Thus, we read the 1992 version of KRS 244.290 as placing a limitation on the authority granted to local governments to set the hours for the sale of distilled spirits and wine on Sundays—that only *by the drink* sales of distilled spirits and wine are permitted.

Liquor Outlet argues that the "may also" language in section (6) of the old version of KRS 244.290 demonstrates that the Legislature intended that by-the-drink alcohol sales could be regulated on Sundays by local governments *in addition to* retail package sales of alcohol. We reject this interpretation of that section. From our reading of section (6), the "may also" language is clearly referring to the fact that the beginning of the section states that it applies to cities of the fourth class that have already enacted ordinances regulating the sale of alcoholic beverages by the drink by hotels, motels, inns or restaurants. In essence, section (6) is saying that fourth class cities or counties containing fourth class cities that already allow by-the-drink sales of alcohol for hotels, motels, inns, or restaurants can additionally regulate the sales of alcohol by the drink on Sunday for those types of businesses. Liquor Outlet's contrary interpretation of that section is strained at best.

Since the City of Bellevue Ordinance § 112.40 was enacted in conflict with the 1992 version of KRS 244.290, the circuit

court properly adjudged it to be void to the extent that it allowed package liquor and wine sales on Sundays. Hence, pursuant to the *current version of KRS 244.290(3)(b)*, there was no valid ordinance allowing for the sale of package liquor on Sundays in Bellevue.

■ Our analysis above would seem to fully resolve the appeal herein. However, the Franklin Circuit Court further held that the present version of KRS 244.290 likewise does not allow for local governing bodies to regulate retail package liquor and wine sales on Sundays. The lower court adjudged that, like the older version, the current KRS 244.290 only permits local governments to regulate the Sunday sales of distilled spirits and wine *by the drink.* The circuit court reasoned:

> KRS 244.290 deals with the required closed times for retail sales of alcohol and provides an exception for the sale of individual drinks on Sunday. The statute as a whole clearly provides that the exception meant by the legislature is only for individual drink sales. For the legislature to provide such specific rules for the regulation of individual drink sales and not for package sales would lead to an absurd result. Thus, this Court finds that the reference to "retail sales" in KRS 244.290(3) must be read in conjunction with the statute as a whole, giving "retail sales" the meaning of "retail drink sales" in this specific instance.

We do not agree with this interpretation of the current version of KRS 244.290.

> KRS 244.290(3)(b) now plainly provides:
>
> [A] premise for which there has been granted a license for the sale of *distilled spirits or wine at retail* shall not remain open for any purposes between midnight and 6 a.m. or at any time during the twenty-four (24) hours of a Sunday, *unless:*

. . . .

> (b) The legislative body of a city of the first, second, third, or fourth class, or the fiscal court of a county containing a city of the first, second, third, or fourth class, has otherwise established the hours and times in which *distilled spirits and wine* may be sold within its jurisdictional boundaries. (emphasis added.)

Unlike the 1992 version of KRS 244.290, we do not read the grant of authority to local governments to regulate the sale of liquor and wine on Sundays to contain the limitation that it apply only to by-the-drink alcohol sales. First, the other sections which provide for local regulation of by-the-drink sales (sections (2), (4), (5) and (6)) are not designated as exceptions to section (3)(b), which is different from the 1992 version of the statute wherein sections (2), (4), and (6) were explicitly stated to be exceptions to the general limitation in section (1) that Sunday sales of distilled spirits or wine were prohibited.

■ Secondly, section (3) of the current version refers to "distilled spirits and wine at retail" or simply "distilled spirits and wine". Section (3) does not use the language "distilled spirits and wine by the drink" or "alcoholic beverages by the drink" as do sections (2), (4), (5), and (6). A general rule of statutory construction is that where particular language is used in one section of a statute, but omitted in another section of the same statute, it is presumed that the legislature acted intentionally and purposefully in the disparate inclusion or exclusion. *Palmer v. Commonwealth,* Ky.App., 3 S.W.3d 763 (1999).

■ Thirdly, since sections (2),(4), (5), and (6) already establish the manner in which local governments can regulate the sale of alcohol by the drink on Sundays, the language of section (3)(b) would serve

no purpose if it only applied to by-the-drink sales of alcohol; it would merely be superfluous. It is a universal rule that in construing statutes, it must be presumed that the Legislature intended something by what it attempted to do. *Reyes v. Hardin County,* Ky., 55 S.W.3d 337 (2001). There is also a presumption that the Legislature intends a statute to be effective in its entirety, and significance and effect must be accorded to every part of the statute if possible. *See George v. Scent,* Ky., 346 S.W.2d 784 (1961). When the Legislature amended KRS 244.290 in 1998 as discussed herein, we believe they intended to allow local governments to regulate the Sunday sale of liquor and wine at retail in all forms, not just by the drink.

We also reject the notion proffered by the circuit court that it would be absurd for the Legislature to promulgate special rules for the regulation of by-the-drink alcohol sales and not for package alcohol sales. In our estimation it is entirely possible that the Legislature would want to place more conditions or restrictions on by-the-drink alcohol sales for the simple reason that by-the-drink sales encompass consumption of the alcohol on the premises as well as the sale of the alcohol.

■ Although we do not agree with Liquor Outlet's assertion that the circuit court violated the separation of powers doctrine with its construction of KRS 244.290, *see City of Louisville v. Melton Food Marts, Inc.,* Ky.App., 564 S.W.2d 849 (1978), we would point out that it is not the court's function to add words or meaning to a statute that is clear on its face. *Posey v. Powell,* Ky.App., 965 S.W.2d 836 (1998). If the Legislature had intended the current version of KRS 244.290 to be limited to by-the-drink sales of liquor and wine, they could have used the "by-the-drink" language in section (3)(b) that they used in the other sections.

As for the circuit court's additional ruling that the Bellevue ordinance was also invalid because it allowed liquor and wine sales to start at 12:00 p.m., we deem that issue to now be moot since we have already adjudged the ordinance to be void under the 1992 version of KRS 244.290 because it allowed the sale of liquor and wine on Sundays at all. We would note, however, that under our above interpretation of the present version of KRS 244.290, the restriction that liquor and wine sales on Sundays cannot begin before 1:00 p.m., which is only contained in sections (4) and (5), would only apply to by-the-drink sales. Section (3)(b) contains no restriction regarding the hours distilled spirits and wine can be sold on Sundays.

■ Finally, we turn to Liquor Outlet's claim that the City of Bellevue was an indispensable party that should have been joined under CR 19.01 which provides in pertinent part:

A person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if (a) in his absence complete relief cannot be accorded among those already parties, or (b) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

We first note that the issue does not appear to have properly preserved for review. Liquor Outlet raised this issue below only in their reply brief before the circuit court. Liquor Outlet never raised the issue in a pleading or motion to have the City of Bellevue joined as a necessary

party. It has been held that the issue of failure to join an indispensable party must be raised via motion or pleading in order to be preserved for appellate review. *Cabinet for Human Resources v. Kentucky State Personnel Board,* Ky.App., 846 S.W.2d 711 (1992).

Nevertheless, we do not see that the City of Bellevue was an indispensable party. "An indispensable party is one whose absence prevents the Court from granting complete relief among those already parties." *Milligan v. Schenley Distillers, Inc.,* Ky.App., 584 S.W.2d 751, 753 (1979). Likewise, the Court in *West v. Goldstein,* Ky., 830 S.W.2d 379 (1992) characterized a necessary party as one whose interest would be divested by an adverse judgment. In our view, the circuit court's ruling that Bellevue's 1992 ordinance was void was merely ancillary to the determination of whether Liquor Outlet violated KRS 244.290 in selling liquor on Sunday. The City of Bellevue's absence did not prevent complete relief from being obtained by the ABC Board or Liquor Outlet. CR 19.01(a). We do not see that Liquor Outlet's position was in any way prejudiced or affected by the fact that the City of Bellevue was not made a party to the action. Further, the ultimate judgment was relative only to Liquor Outlet's actions and could in no way be applied or enforced against the City of Bellevue. Hence, the City of Bellevue was not divested of any interest by virtue of the judgment against Liquor Outlet. CR 19.01(b)(i).

For the reasons stated above, the order of the Franklin Circuit Court is affirmed in part to the extent that it held that the Bellevue ordinance was void be-

cause it was enacted in contravention of the 1992 version of KRS 244.290. However, we reverse the Franklin Circuit Court's order to the extent that it held that the current version of KRS 244.290 does not allow local governments to regulate retail package sales of distilled spirits and wine on Sundays.[1]

ALL CONCUR.

---

1. Since Bellevue's ordinance was void upon its enactment in 1992, the General Assembly's amendment of KRS 294.290 did not operate to revive or validate the void ordinance. *See* *Franklin County v. Webster,* Ky., 400 S.W.2d 693, 696 (1966); 56 Am.Jur.2d, *Municipal Corporations,* § 327 (2000).