**ACSR, INC., Appellant,**

v.

**CABINET FOR HEALTH SERVICES and Pulaski Day Services, Inc., Appellees.**

**No. 1999–CA–001602–MR.**

Court of Appeals of Kentucky.

Aug. 25, 2000.

Case Ordered Published by Supreme Court Oct. 13, 2000.

Marie Alagia Cull, Cull & Hayden, P.S.C., Frankfort, KY, for Appellant.

David H. Vance, Walton & Vance, Frankfort, KY, for Appellee Pulaski Day Services, Inc.

Ellen M. Hesen, Anne Dooling Clarke, Frankfort, KY, for Appellee Commonwealth of Kentucky Cabinet for Health Services.

Before HUDDLESTON, McANULTY, and MILLER, Judges.

## OPINION

McANULTY, Judge.

ACSR, Inc., appeals from an opinion and order of the Franklin Circuit Court denying its petition for review and affirming the decision of the Cabinet for Health Services to issue a health services certificate of need to Pulaski Day Services, Inc. We affirm.

In January 1997, Pulaski Day Services, Inc., (hereinafter PDS) submitted an application for a certificate of need in connection with the establishment of an adult day care health program in a facility in Somerset. PDS's application indicated an intent to construct a new building with a capacity of 65–70 patients. Under its program, PDS would provide therapeutic and personal care services to adult patients between 7:00 a.m. and 6:30 p.m. PDS subsequently requested and was granted nonsubstantive review by the Cabinet pursuant to KRS 216B.095 and 900 KAR 6:015E [1], which allows for an expedited, less comprehensive procedure for review than applies with a formal review.[2] *See* KRS 216B.015(9) and (13), KRS 216B.040, KRS 216B.095, and 900 KAR 6:050. In April 1997, the Cabinet issued a public notice of PDS's application, under the nonsubstantive review status and ACSR filed a request for a hearing on the appli-

---

**1.** This administrative regulation was later superseded and replaced with 900 KAR 6:050, but the substantive provisions relevant to this appeal were not changed. For ease of reference, we will cite primarily to 900 KAR 6:050 in the remainder of this opinion.

**2.** There are no standards or review criteria in the State Health Plan for adult day care health facilities. *See* 900 KAR 6:050(8)(1)(a).

cation. ACSR (Active Services Corp. d/b/a Somerset Active Day Center), which currently operates a licensed adult day health care facility in Somerset, opposed the issuance of a certificate of need to PDS on various grounds under the criteria set forth in KRS 216B.040. ACSR also, however, challenged the validity of 900 KAR 6:050 and the Cabinet's authority to promulgate the regulation.

Following a hearing at which both sides presented witnesses, an Administrative Law Judge (ALJ) issued findings of fact, conclusions of law, and an order approving PDS's certificate of need application. The ALJ found that ACSR had not overcome the presumption of need applied to non-substantive applicants by clear and convincing evidence as required by 900 KAR 6:050. Pursuant to KRS 216B.090 and KRS 216B.085(4), ACSR filed a request for reconsideration, which was denied by the ALJ.

In July 1997, ACSR filed an appeal to the Franklin Circuit Court. *See* KRS 216B.115. Both the Cabinet and PDS filed answers that included requests for dismissal of the petition. The Cabinet later filed a motion requesting dismissal or separation of ACSR's complaints dealing with the validity of the administrative regulations from its challenge to the certificate of need on the merits. ACSR filed a response to the Cabinet's motion. On June 10, 1999, the circuit court entered an opinion and order dismissing ACSR's petition on the merits. The court held that the agency's regulations dealing with nonsubstantive review status for a certificate of need application were properly promulgated and did not deprive appellant of any substantive or procedural due process rights. This appeal followed.

ACSR raises three issues on appeal in challenging the validity of the administrative regulations dealing with nonsubstantive review of a certificate of need, 900 KAR 6:050 (formerly 900 KAR 6:015E) and 902 KAR 17:035E. First, it claims that the regulations were not authorized

by statute. Second, it asserts the nonsubstantive review hearing process denied it both procedural and substantive due process rights. Third, it contends the two above noted regulations were improperly promulgated as emergency regulations. We find appellant's claims lack merit.

In connection with its first complaint, ACSR contends that 900 KAR 6:050 unlawfully amends KRS 216B.040 and KRS 216B.095 in violation of KRS 13A.120. KRS 216B.040 requires the Cabinet to promulgate regulations establishing the requirements for obtaining a certificate of need. Subsection (2)(a)(2) lists six factors relevant to the criteria to be established in the regulations for review of certificate of need applications: (1) consistency with the State Health Plan; (2) need and accessibility; (3) interrelationships and linkages; (4) costs, economic feasibility, and resources availability; (5) quality of services; and (6) the existence of skilled nursing and of intermediate and personal care beds in determining the need for freestanding long-term care beds. *See also* 900 KAR 6:050(7). KRS 216B.040(2)(a)(1) authorizes the Cabinet to promulgate administrative regulations "[t]o establish the certificate of need review procedures, *including but not limited to,* application procedures, notice provisions, procedures for review of completeness of applications. . . ." (Emphasis added). KRS 216B.040(1)(a) indicates that the formal review procedures apply "except as to those applications which have been granted nonsubstantive review status by the Cabinet."

KRS 216B.095 deals with the nonsubstantive review of applications for a certificate of need. An applicant may waive the procedures for formal review of an application and request the expedited nonsubstantive review. KRS 216B.095 provides in part:

(3) The cabinet may grant nonsubstantive review status to an application for a certificate of need which is required:

(a) To change the location of a proposed health facility;

(b) To replace or relocate a licensed health facility, if there is no substantial change in health services or substantial change in bed capacity;

(c) To replace or repair worn equipment if the worn equipment has been used by the applicant in a health facility for five (5) years or more;

(d) For cost escalations;

(e) To establish an industrial ambulance service; or

(f) In other circumstances the cabinet by administrative regulation may prescribe.

(4) Notwithstanding any other provision to the contrary in this chapter, the cabinet may approve a certificate of need for a project required for the purposes set out in paragraphs (a) through (f) of subsection (3) of this section, unless it finds the facility or service with respect to which the capital expenditure is proposed to be made is not required; or to the extent the facility or services contemplated by the proposed capital expenditure is addressed in the state health plan, the cabinet finds that the capital expenditure is not consistent with the state health plan.

900 KAR 6:050 Section 8 provides that *in addition to the projects specified in KRS 216B.095(3)(a)-(e)*, the cabinet may grant nonsubstantive review status to a certificate of need application where "the proposal involves the establishment or expansion of a health facility or health service for which there are no standards or review criteria in the state health plan." It is undisputed that there are no standards in the state health plan for adult day care facilities. Section 8 also creates a rebuttable presumption of need with respect to approval of nonsubstantive review applications. It states in part:

(5) If an application for certificate of need is granted nonsubstantive review status, there shall be a presumption that the facility or service is needed, and the cabinet shall approve applications for certificate of need that have been granted nonsubstantive review status, unless the presumption of need is rebutted by clear and convincing evidence that there is not a need for the proposed facility or service in the geographic area defined in the application.

ACSR argues that 900 KAR 6:050 represents an unwarranted expansion of the nonsubstantive review status that is contrary to a comprehensive scheme of regulation establishing certificate of need policy and that it modifies or vitiates the intent of the General Assembly in violation of KRS 13A.120(2). *See also Flying J. Travel Plaza v. Commonwealth, Transportation Cabinet, Department of Highways*, Ky., 928 S.W.2d 344 (1996)(administrative agency regulatory authority limited by implementing statute). It maintains that by applying the rule of statutory construction, *ejusdem generis*,[3] KRS 216B.095(3)(f) should be construed to be limited to changes to already approved or licensed health facilities or services. It states that construing Subsection (3)(f) more broadly creates too expansive an exception to the formal review process. We disagree.

First, ACSR's argument that the doctrine of *ejusdem generis* would restrict

---

**3.** *Ejusdem generis* means of the same kind, class, or nature. Under this doctrine, where general words follow a designation of specific subjects or things, the meaning of the general words will not be read in their widest extent but will be held to apply only to things or subjects of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary intent. *See Steinfeld v. Jefferson County Fiscal Court*, 312 Ky. 614, 229 S.W.2d 319, 320 (1950); *Robinson v. Ehrler*, Ky., 691 S.W.2d 200, 204 (1985).

Subsection (3)(f) to licensed facilities or services is inconsistent with the fact that Subsection (3)(e) applies nonsubstantive review status "[t]o *establish* an industrial ambulance service." (Emphasis added). Second, KRS 216B.040(1)(a) indicates the legislature's intent to authorize approval or denial of certificates of need under the nonsubstantive review status outside the formal review process. The General Assembly has given the Cabinet broad discretion in the area of certificates of need and its interpretation of KRS 216B.095(3)(f) to authorize nonsubstantive review status to the establishment or expansion of health facilities or services for which there are no standards in the state health care plan is not unreasonable or disruptive to the general common scheme of regulation. *Ejusdem generis* is merely a general rule to aid in construing otherwise ambiguous statutory provisions and does not control when the whole context of the statute dictates a different conclusion. *Norfolk & Western Railway Co. v. American Train Dispatchers' Ass'n*, 499 U.S. 117, 129, 111 S.Ct. 1156, 1163, 113 L.Ed.2d 95 (1991). Thus, we reject ACSR's narrow interpretation of KRS 216B.095(3)(f) and do not believe it violates KRS 13A.120(2). *Cf. Revenue Cabinet v. Joy Technologies*, Ky.App., 838 S.W.2d 406, 409 (1992)("a regulation is valid unless it exceeds statutory authority or, in some way, is repugnant to the statutory scheme").

ACSR also contends that 900 KAR 6:050 violates its procedural and substantive due process rights by shifting the burden of proof from the applicant to the affected party challenging the certificate of need in nonsubstantive review proceedings and by requiring the presumption of need to be rebutted by clear and convincing evidence. It argues that the accepted general practice in administrative proceedings requires the applicant before an administrative agency to bear the burden of proof. ACSR asserts that KRS 216B.120(2) establishes substantial evidence as the standard of proof in certificate of need cases.

First, we note that KRS 216B.120 deals with *judicial review* of administrative agency decisions. The substantial evidence standard is the well-established deferential standard of review of agency action by the judicial branch based on separation of powers. *See, e.g., American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, Ky., 379 S.W.2d 450 (1964); *Commonwealth, Transportation Cabinet v. Cornell*, Ky. App., 796 S.W.2d 591 (1990). ACSR's suggestion that the substantial evidence standard, rather than a clear and convincing evidence standard, should apply to the administrative hearing constitutes a misunderstanding of the administrative and judicial review process. The substantial evidence standard simply does not apply (unless prescribed by a specific statute or regulatory provision) within the administrative hearing process. The cases relied on by ACSR are not relevant because they all involve judicial review of prior administrative agency decisions.

Additionally, KRS 216B.095(4) explicitly creates a presumption in favor of approval of a certificate of need involving nonsubstantive review status when it states: "the cabinet may approve a certificate of need ... *unless it finds the facility or service* with respect to which the capital expenditure is proposed to be made *is not required* ...." (Emphasis added). Given this statutory language, ACSR's reliance on cases citing the general rule that an applicant has the burden of proof is unpersuasive.

Moreover, ACSR has confused the procedural concepts of burden of proof and burden of production of evidence. 900 KAR 6:050 Section 8 states that a rebuttable presumption sufficient to justify approval is created if there is need for the proposed facility. This regulation does not shift the burden of proof or persuasion; rather, it merely shifts the burden of production of evidence to the non-applicant to rebut the presumption. This procedure is

consistent with the statutory language of KRS 216B.095(4).

■ Finally, in addition, because the statute is silent on the standard or level of evidence necessary to rebut the presumption, the imposition of a clear and convincing standard is not contrary to the agency's authority. KRS 13A.100(4) gives agencies the authority to prescribe "[t]he procedures to be utilized by the administrative body in the conduct of hearings by or for the administrative body unless such procedures are prescribed by statute." KRS 216B.095(1) requires that all hearings concerning the grant or denial of nonsubstantive review be conducted as provided in KRS 216B.085. In turn, KRS 216B.085(3) sets forth the minimum due process procedures applicable to certification hearings.

> At the hearing, any party to the proceedings shall have the right to be represented by counsel, and to present oral or written arguments and evidence relevant to the matter which is the subject of the hearing, and may conduct reasonable cross-examination under oath of persons who make factual allegations relevant to such matters. A full and complete record shall be maintained of the hearing.

ACSR received notice and an opportunity to be heard as required by KRS 216B.085. It filed written memoranda explaining its arguments. It has failed to demonstrate any denial of due process.

■ ACSR's third complaint involves the promulgation of 900 KAR 6:015E [4] and 902 KAR 17:035E as emergency regulations. KRS 13A.190(1)(a) sets forth the basis for the promulgation of emergency regulations on a temporary basis in order to: "(1) [m]eet an immediate threat to public health, safety, or welfare; or (2)[p]revent a loss of federal funds; or (3)[m]eet a deadline for the promulgation of an administrative regulation that is established by state law, or federal law or

regulation; or (4)[p]rotect human health and the environment." The statement of emergency accompanying the issuance of 900 KAR 6:015E stated a need for initial oversight of health services and facilities through the nonsubstantive certificate of need review process in order to address an imminent threat to public health and safety. ACSR contends that no true emergency existed to justify the Cabinet's action, but it offers no evidence to support its assertion. This argument also conflicts with ACSR's position that a full formal certificate of need review process should apply to establishment of health facilities such as adult day care centers even though they are not covered by the state health plan. As the trial court noted, an administrative regulation within the scope of the authority of the agency is presumed valid and the party challenging the regulation has the burden of proving its invalidity. *See Hohnke v. Commonwealth*, Ky., 451 S.W.2d 162, 166 (1970); *Kentucky Airport Zoning Commission v. Kentucky Power Co.*, Ky.App., 651 S.W.2d 121, 124 (1983). ACSR has failed to establish that the Cabinet's evaluation of the need for the two emergency regulations was unreasonable or erroneous. *See also* KRS 13A.090 (rebuttable presumption of correctness of contents of administrative regulation). Thus, it has not demonstrated that 900 KAR 6:015E and 902 KAR 17:035E were not valid and applicable to PDS's application for a certificate of need.

For the foregoing reasons, we affirm the opinion and order of the Franklin Circuit Court.

All concur.

---

4. *See infra* note 1.