**MARTIN COUNTY HOME HEALTH CARE, Appellant,**

v.

**CABINET FOR HEALTH AND FAMILY SERVICES, Formerly Kentucky Health Policy Board; and Ashland Hospital Corporation, d/b/a Kings Daughters Medical Center, Appellees.**

**No. 2005–CA–002616–MR.**

Court of Appeals of Kentucky.

Jan. 12, 2007.

Colleen McKinley, Hall, Render, Killian, Heath & Lyman, P.S.C., Louisville, KY, for appellant.

Ann Truitt Hunsaker, Frankfort, KY, for appellee, Cabinet For Health and Family Services.

Stephen R. Price, Sr., Wyatt, Tarrant & Combs, LLP, Louisville, KY, for Appellee, Ashland Hospital Corporation, d/b/a Kings Daughters Medical Center.

Before TAYLOR, Judge;

ROSENBLUM,[1] Senior Judge;
MILLER,[2] Special Judge.

## OPINION

TAYLOR, Judge.

Memorial Hospital, Inc., d/b/a Martin County Home Health Care, (MCHH) brings this appeal from a November 18, 2005, order of the Franklin Circuit Court upholding the decision of the Kentucky Health Policy Board (Board) to deny MCHH's application for a certificate of need to expand its existing home health services to Lawrence County, Kentucky.[3] We vacate and remand with directions.

MCHH is a licensed home health agency approved to operate in Martin County, Kentucky. On May 16, 1995, MCHH filed an application to obtain a certificate of need for the purpose of expanding its services into adjoining Lawrence County. Ashland Hospital Corporation d/b/a King's Daughters' Medical Center operated Lawrence County Home Health (LCHH) and opposed MCHH's application for a certificate of need.

The Board was charged with the duty of approving or denying certificates of need. Kentucky Revised Statutes (KRS) 216B.040.[4] The Board conducted a public hearing on August 29, 1995. KRS 216B.085. The Board designated a member to act as hearing officer and to render a recommendation to the full Board. KRS 216B.085. Before and during the hearing, MCHH requested access to certain staff reports. At the hearing, the following exchange occurred:

> [*Counsel for MCHH:*] And I also— and I realize that you have ruled on this several times and may be tired of doing it. But just for the record, I want to ask for the staff report and evaluation that was prepared for your use in this hearing on the basis that we're entitled to see that if you rely on it in anyway.

> [*Hearing Officer:*] Inasmuch as it's prepared for the Hearing Officer to use as a review of the application and the supporting documents, I'm going to deny that motion. Anything else? Are you ready to proceed?

MCHH was denied access to the staff reports, and the record reveals that these reports were never made part of the administrative record.

The hearing officer ultimately recommended that MCHH's application be denied. On October 26, 1995, the Board adopted the hearing officer's recommendation. MCHH filed a request for reconsideration which was subsequently denied. KRS 216B.085.

---

1. Senior Judge Paul W. Rosenblum sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Retired Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

3. The Kentucky Health Policy Board (Board) was created by KRS 216.2903; that statute was repealed effective July 15, 1996. The Board's functions were transferred to the Cabinet for Human Resources (Cabinet) by

KRS 216B.010, enacted effective July 15, 1996. The Cabinet's functions were later transferred to the Cabinet for Health Services by amendment to KRS 216B.010, effective July 15, 1998. KRS 216B.010 was again amended effective June 20, 2005, and the Cabinet for Health Services became known as the Cabinet for Health and Family Services.

4. The statutes in effect at the time of the administrative hearing and, thus,. relevant to disposition of this appeal, were enacted effective July 15, 1994. Our opinion shall reference these versions of the statutes.

On January 2, 1996, MCHH filed a "Petition For Review And Appeal And For Declaration Of Rights" in the Franklin Circuit Court. KRS 216B.115. The circuit court concluded the Board's decision was supported by substantial evidence and, thus, "denied" MCHH's petition for review. This appeal follows.

MCHH maintains the Board erred by denying its certificate of need. MCHH specifically asserts that the Board erroneously denied it access to "staff reports" in violation of KRS 216B.085(4) and KRS 216B.015(17). For the reasons hereinafter elucidated, we agree.

As an appellate court, we stand in the shoes of the circuit court and review the Board's decision for arbitrariness. *See Am. Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450 (Ky.1964). Arbitrariness has many facets; in this appeal, we must decide whether the Board properly interpreted and applied KRS 216B.085(4) and KRS 216B.015(17). *See Am. Beauty Homes Corp.*, 379 S.W.2d 450. As interpretation of a statute is a matter of law for the court, our review shall proceed *de novo*. *See Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327 (Ky.App. 2000).

Under KRS 216B.085(4), "[a]ny decision of the board to issue or deny a certificate of need shall be based solely on the record established with regard to the matter." The legislature provided us with a clear definition of "record" in KRS 216B.015. Subsection (17)(d) of KRS 216B.015 specifically provides that the record shall include "[a]ny staff reports or recommendations prepared by or for the cabinet or the board[.]"

By juxtaposing KRS 216B.085(4) and KRS 216B.015(17)(d), we believe it was clear and reversible error not to include the staff reports in the administrative rec-

ord and to deny MCHH access to such reports. KRS 216B.085(4) clearly requires that the Board's decision to deny a certificate of need be based solely upon the evidence in the record. From the exchange between MCHH's counsel and the hearing officer, it is apparent that the staff reports were considered by the hearing officer in making the decision to deny MCHH's application for a certificate of need. In any event, KRS 216B.015(17) explicitly mandated that such staff reports be included in the administrative record.

Accordingly, we hold that the Board committed reversible error by failing to include the staff reports in the administrative record and by failing to grant MCHH access to such reports. Upon remand, the Board shall include the staff reports in its record and shall grant MCHH access to same. Thereafter, the Board shall reconsider MCHH's application for a certificate of need in accordance with KRS Chapter 216B.

We view MCHH's remaining contentions to be either moot or without merit.

For the foregoing reasons, the order of the Franklin Circuit Court is vacated and this cause remanded with directions for the circuit court to remand to the Cabinet for Health and Family Services, formerly the Kentucky Health Policy Board, for proceedings consistent with this opinion.

ALL CONCUR.