BAPTIST CONVALESCENT CENTER, INC., d/b/a Village Care Center, Appellant

v.

BOONESPRING TRANSITIONAL CARE CENTER, LLC; and Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate of Need, Appellees.

and

Boonespring Transitional Care Center, LLC, Cross–Appellant

v.

Baptist Convalescent Center, Inc., d/b/a Village Care Center; and Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate Of Need, Cross–Appellees

and

Boonespring Transitional Care Center, LLC, Appellant

v.

Baptist Convalescent Center, Inc., d/b/a Village Care Center; and Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate of Need, Appellees

and

Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate of Need, Cross–Appellant

v.

Baptist Convalescent Center, Inc., d/b/a Village Care Center; and Boonespring Transitional Care Center, LLC, Cross–Appellees.

Nos. 2010–CA–001466–MR, 2010–CA–001505–MR, 2011–CA–000049–MR, 2011–CA–000094–MR.

Court of Appeals of Kentucky.

Oct. 5, 2012.

Discretionary Review Denied by Supreme
Court Aug. 21, 2013.

500

Matthew Klein, Mark D. Guilfoyle, Ellen M. Houston, Crestview Hills, KY, for appellant/cross-appellee Baptist Convalescent Center, Inc., d/b/a Village Care Center.

Lisa English Hinkle, Benjamin M. Fiechter, Molly Nicol Lewis, Lexington, KY, for appellee/cross-appellant Boonespring Transitional Care Center, LLC.

Ann Truitt Hunsaker, Frankfort, KY, for appellee/cross-appellee the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate of Need.

Before DIXON, LAMBERT, and TAYLOR, Judges.

*OPINION*

TAYLOR, Judge:

Baptist Convalescent Center, Inc., d/b/a Village Care Center (Baptist) brings Appeal No.2010–CA–001466–MR and Boonespring Transitional Care Center, LLC (Boonespring) brings Cross–Appeal No.2010–CA–001505–MR from a July 6, 2010, Opinion and Order of the Franklin Circuit Court reversing the decision of the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of Health Policy, Division of Certificate of Need (Cabinet) to deny Boonespring a certificate of need. Boonespring also brings Appeal No.2011–CA–000049–MR and the Cabinet brings Cross–Appeal No.2011–CA–000094–MR from a December 22, 2010, Opinion and Order of the Franklin Circuit Court declaring 900 Kentucky Administrative Regulations (KAR) 6:075 invalid as conflicting with Kentucky Revised Statutes (KRS) 216B.095(4). We reverse Appeal No.2010–CA–001466–MR and affirm Cross–Appeal No.2010–CA–001505–MR. We reverse and remand Appeal No.2011–CA–000049–MR and Cross–Appeal No.2011–CA–000094–MR with directions that the circuit court dismiss the declaration of rights petition.

These appeals surround Boonespring's application for a certificate of need from the Cabinet to relocate 143 previously approved certificate of need nursing beds from Coldspring Transitional Care Center, LLC (Coldspring) in Campbell County to Boonespring's proposed new facility in Boone County.[1] Boonespring sought "nonsubstantive review" status in order to expedite the approval of its certificate of need.

After filing its certificate of need application, the Cabinet granted Boonespring nonsubstantive review status. Thereafter, Baptist, as an "affected" party, requested a hearing on the application. KRS 216B.095(1); 900 KAR 6:075 Section 2(5)(a). At the administrative hearing, Baptist argued that Boonespring's certificate of need should be denied because it was inconsistent with the state health plan. Baptist maintained that the nonsubstantive review procedure contained in 900 KAR 6:075 directly conflicted with KRS 216B.095(4) and was invalid. Conversely, Boonespring maintained that a certificate of need application under the nonsubstantive review procedure outlined in 900 KAR 6:075 was not reviewed for consistency with the state health plan and that 900 KAR 6:075 did not conflict with KRS 216B.095(4).

In its final order, the Cabinet recognized that its own administrative regulation (900 KAR 6:075) conflicted with the enabling

---

1. Boonespring Transitional Care Center, LLC, and Coldspring Transitional Care Center, LLC, are both owned by the same parent company, Carespring Healthcare Management, LLC.

statute (KRS 216B.095(4)) by allowing approval of a certificate of need through the nonsubstantive review process without Cabinet review for consistency of proposed capital expenditures with the state health plan. The Cabinet concluded that when a regulation conflicted with a statute the statute (KRS 216B.095(4)) must prevail and, thus, 900 KAR 6:075 was invalid. As Baptist clearly demonstrated that Boonespring's application for certificate of need was inconsistent with the state health plan, the Cabinet disapproved the application as being inconsistent with the state health plan.

Boonespring then sought judicial review with the Franklin Circuit Court. KRS 216B.095(2); KRS 216B.115. In its Opinion and Order entered July 6, 2010, the circuit court reversed the Cabinet's disapproval of Boonespring's certificate of need. The circuit court concluded that the Cabinet was bound by its own regulation (900 KAR 6:075) and lacked authority to invalidate same because of a conflict with statutory law. As for whether 900 KAR 6:075 was inconsistent with the enabling statute (KRS 216B.095(4)), the circuit court curiously declined to address the merits of this legal issue and opined "[t]he circuit courts (and particularly the Franklin Circuit Court) have neither the resources nor the duty to begin reviewing the legal conclusions of hearing officers." Opinion and Order at 15. The circuit court then concluded that Baptist could challenge the validity of 900 KAR 6:075 through at least three alternatives, including the filing of a petition for declaration of rights in the circuit court. Ultimately, the circuit court, without reaching the validity of 900 KAR 6:075, concluded that the Cabinet was bound to apply 900 KAR 6:075 as written and that the Cabinet erred by failing to do so. On this basis, the circuit court reversed and ordered the Cabinet to "grant

approval" of Boonespring's certificate of need. Opinion and Order at 17.

Baptist then filed a notice of appeal (Appeal No.2010–CA–001466–MR) and Boonespring filed a notice of cross-appeal (Cross–Appeal No.2010–CA–001505–MR) (collectively referred to as the administrative appeals) from the Franklin Circuit Court's July 6, 2010, Opinion and Order.

Meanwhile, Baptist filed a petition for declaration of rights in the Franklin Circuit Court. KRS 418.040. Therein, Baptist challenged the validity of 900 KAR 6:075 and again argued that it directly conflicted with KRS 216B.095(4). By order entered December 22, 2010, the circuit court concluded that such conflict existed and permanently enjoined the Cabinet from enforcing 900 KAR 6:075 Section 2(2)(f). The circuit court also ordered the Cabinet to "withdraw" the certificate of need it had previously ordered the Cabinet to grant Boonespring.

Consequently, Boonespring filed a notice of appeal (Appeal No.2011–CA–000049–MR) and the Cabinet filed a notice of cross-appeal (Cross–Appeal No.2011–CA–000094–MR) from the December 22, 2010, order.

We initially address the merits of the administrative appeals and then address the appeals stemming from the petition of declaration of rights.

### APPEAL NO. 2010–CA–001466–MR AND CROSS–APPEAL NO. 2010–CA–001505–MR

■ These appeals stem from the Cabinet's decision to disapprove Boonespring's application for a certificate of need after invalidating 900 KAR 6:075 (nonsubstantive review procedure) and the circuit court's opinion reversing the Cabinet and ordering approval of the certificate of need. As an appellate court, we step into

the shoes of the circuit court and review the administrative agency's decision for arbitrariness. *See Martin Co. Home Health Care v. Cabinet for Health and Family Servs.*, 214 S.W.3d 324 (Ky.App.2007); *Nurses' Registry and Home Health Corp. v. Gentiva Certified Healthcare Corp.*, 326 S.W.3d 15 (Ky.App.2010). Arbitrariness has many facets, but in our opinion, resolution of these appeals centers upon a single issue of law—whether 900 KAR 6:075 conflicts with KRS 216B.095(4). *See Martin Co. Home Health Care*, 214 S.W.3d 324.

■ In reviewing the circuit court's July 6, 2010, Opinion and Order, the circuit court refused to address the validity of 900 KAR 6:075 and reasoned "[t]he circuit courts (and particularly the Franklin Circuit Court) have neither the resources nor the duty to begin reviewing the legal conclusions of hearing officers." It is soundly established that the proper interpretation and the ultimate validity of a regulation or statute present issues of law readily reviewable by the circuit court in an administrative appeal. *See Reis v. Campbell County Bd. of Educ.*, 938 S.W.2d 880 (Ky. 1996); *Ruby Constr. Co. Inc. v. Dep't of Revenue*, 578 S.W.2d 248 (Ky.App.1978); *D.R. v. Commonwealth*, 64 S.W.3d 292 (Ky.App.2001); *Marksberry v. Chandler*, 126 S.W.3d 747 (Ky.App.2003). While the judiciary generally gives deference to an administrative agency's interpretation of its own regulation, the review of regulations or statutes is one of the primary functions of the circuit court and of this Court in any administrative appeal. *Commonwealth, Cabinet for Health Servs. v. Family Home Health Care, Inc.*, 98 S.W.3d 524 (Ky.App.2003); *St. Luke Hospitals, Inc. v. Commonwealth*, 186 S.W.3d 746 (Ky.App.2005); *500 Assocs., Inc. v. Natural Res. and Envtl. Prot. Cabinet*, 204 S.W.3d 121 (Ky.App.2006). So, when the validity of a statute or regulation is direct-

ly presented as an issue by the parties or by the administrative agency's decision, the circuit court is duty bound to adjudicate such legal issue if necessary to disposition of the case.

■ In the case at hand, Boonespring's certificate of need was disapproved by the Cabinet because it determined that 900 KAR 6:075 was invalid as conflicting with KRS 216B.095(4). And, the validity of 900 KAR 6:075 was strenuously argued by the parties in both the administrative proceedings and the circuit court action. Thus, this legal issue was squarely presented to the circuit court for adjudication. As a result, the validity of 900 KAR 6:075 constituted a legal issue that was both essential to resolution of the administrative appeals and ripe for adjudication by the circuit court. Even if the Cabinet lacked authority to declare 900 KAR 6:075 invalid, the circuit court certainly possessed the authority and the concomitant duty to adjudicate the validity of 900 KAR 6:075 in its review of the Cabinet's decision. Simply stated, the circuit court cannot abdicate its duty to adjudicate relevant and dispositive legal issues by citing the scarcity of judicial resources. Accordingly, the failure of the circuit court to address the validity of 900 KAR 6:075 constitutes clear error.

■ Rather than remand the administrative appeals to the circuit court for it to adjudicate the validity of 900 KAR 6:075, we will address the merits of the regulation's validity herein. The validity of 900 KAR 6:075 presents a legal issue, and our review of this legal issue is not dependent upon the circuit court's initial review.

■ Boonespring filed the application for certificate of need and requested that the application be given nonsubstantive review status. Nonsubstantive review is a procedure authorized by the General As-

sembly and serves to expedite the application by routing it outside the formal review process.

KRS 216B.095 is entitled "Nonsubstantive Review of Application" and serves as the enabling statute for 900 KAR 6:075. Relevant to these appeals is subsection 4 of KRS 216B.095, which reads:

> Notwithstanding any other provision to the contrary in this chapter, the cabinet may approve a certificate of need for a project required for the purposes set out in paragraphs (a) to (f) of subsection (3) of this section, *unless it finds the facility or service with respect to which the capital expenditure is proposed to be made is not required; or to the extent the facility or services contemplated by the proposed capital expenditure is addressed in the state health plan, the cabinet finds that the capital expenditure is not consistent with the state health plan.*

KRS 216B.095(4) (emphasis added). As hereinbefore pointed out, the Cabinet promulgated 900 KAR 6:075 to set forth the criteria and procedure for nonsubstantive review. Relevant to these administrative appeals are 900 KAR 6:075 Section 2(6)–(8), which provide:

> (6) If an application for certificate of need is granted nonsubstantive review status by the Office of Health Policy, there shall be a presumption that the facility or service is needed and applications granted nonsubstantive review status by the Office of Health Policy shall not be reviewed for consistency with the State Health Plan.

> (7) The cabinet shall approve applications for certificates of need that have been granted nonsubstantive review status by the Office of Health Policy if:

> (a) The application does not propose a capital expenditure; or

> (b) The application does propose a capital expenditure, and the cabinet finds the facility or service with respect to which the capital expenditure proposed is needed, unless the cabinet finds that the presumption of need provided for in subsection (6) of this section has been rebutted by clear and convincing evidence by an affected party.

> (8) The cabinet shall disapprove an application for a certificate of need that has been granted nonsubstantive review if the cabinet finds that the:

> (a) Applicant is not entitled to nonsubstantive review status; or

> (b) Presumption of need provided for in subsection (6) of this section has been rebutted by clear and convincing evidence by an affected party.

By juxtaposing the mandates of KRS 216B.095(4) with the regulatory scheme outlined in 900 KAR 6:075, it becomes readily apparent that the two are directly and materially inconsistent.

■ Under KRS 216B.095(4), the Cabinet is authorized to approve a certificate of need given nonsubstantive review status unless: (1) the facility/service with respect to which a capital expenditure is proposed is not required; (2) or if addressed under the state health plan, the facility/service is inconsistent with the state health plan. By utilizing the term "unless," KRS 216B.095(4) clearly creates a "presumption" favoring approval of a certificate of need granted nonsubstantive review; however, such presumption may be rebutted by demonstrating that the facility/service is not required or is inconsistent with the state health plan when addressed therein. *ACSR, Inc. v. Cabinet for Health Services,* 32 S.W.3d 96 (Ky.App.2000).[2] The above

---

**2.** In *ACSR, Inc. v. Cabinet for Health Services,* 32 S.W.3d 96 (Ky.App.2000), the Court's in-

interpretation of KRS 216B.095(4) is reasonable and follows the interpretation set forth previously by this Court in *ACSR,* 32 S.W.3d 96.

On the other hand, 900 KAR 6:075 Section 2(6) specifically states that an application for certificate of need granted nonsubstantive review "shall not be reviewed for consistency with the State Health Plan" and singularly creates a presumption as to "need" only. And, 900 KAR 6:075 Section 2(7) and (8) follow Section 2(6) by merely allowing an affected person to rebut the presumption as to need by presenting clear and convincing evidence that the facility is not needed. Conspicuously absent from 900 KAR 6:075 is language either creating a presumption as to consistency with the state health plan or empowering an affected person to rebut such a presumption by clear and convincing evidence of noncompliance with the state health plan.

Under the above regulatory scheme, an application for certificate of need under the nonsubstantive review procedure is not reviewed for consistency with the state health plan and is not subject to a challenge by an affected party for consistency with the state health plan. In effect, 900 KAR 6:075 Section 2(6), (7), and (8) permit approval of a certificate of need under the nonsubstantive review procedure without concomitantly providing for any review for compliance with the state health plan or providing a mechanism to challenge its consistency with the state health plan. For this reason, 900 KAR 6:075 Section 2(6), (7), and (8) plainly and directly conflict with KRS 216B.095(4).

It is well-established that a regulation is deemed invalid if such regulation is incon-

sistent or conflicts with statutory law. *Revenue Cabinet v. Joy Techs. Inc.,* 838 S.W.2d 406 (Ky.App.1992); *Natural Res. and Envtl. Prot. Cabinet v. Pinnacle Coal Corp.,* 729 S.W.2d 438 (Ky.1987); *Lovern v. Brown,* 390 S.W.2d 448 (Ky.1965). As 900 KAR 6:075 Section 2(6), (7), and (8) directly conflict with KRS 216B.095(4), we conclude that the nonsubstantive review procedure set forth in 900 KAR 6:075 is invalid.

■ The only issue remaining for our consideration is Boonespring's contention that Baptist is not an "affected person" with standing to challenge Boonespring's application for certificate of need. Upon this issue, we agree with the circuit court that an "[a]ffected person" under KRS 216B.015 should be defined broadly in view of the nonsubstantive review procedure. KRS 216B.015(3) defines "affected persons" in part as "health facilities located in the health service area in which the project is proposed to be located which provide services similar to the services of the facility under review . . . ." We adopt the reasoning of the circuit court that the "health service area" set forth in KRS 216B.015(3) should be defined by the state health plan, and under the state health plan, the county and contiguous counties should be considered the "health service area." Thus, we are of the opinion that a facility located in the county or a contiguous county qualifies as an affected person with standing to challenge an application for certificate of need under the nonsubstantive review procedure. Consequently, Baptist qualifies as an affected person and possesses standing to challenge Boonespring's application for certificate of need.[3]

terpretation of the regulation (900 Kentucky Administrative Regulations (KAR) 6:050) setting forth the nonsubstantive review procedure is not controlling herein as that regula-

tion was repealed, and the current regulation (900 KAR 6:075) is substantially different.

**3.** Baptist Convalescent Center, Inc., d/b/a Village Care Center is located in Kenton County,

In sum, we hold 900 KAR 6:075 is inconsistent with KRS 216B.095(4) and is, therefore, invalid. As it was clearly demonstrated that Boonespring's application for certificate of need was inconsistent with the state health plan, Boonespring's certificate of need was properly denied approval by the Cabinet, and the circuit court erred by concluding otherwise.[4] Additionally, Baptist qualifies as an affected person under KRS 216B.015(3) and possesses standing to challenge Boonespring's application for a certificate of need before the Cabinet.

*APPEAL NO. 2011–CA–000049– MR CROSS–APPEAL NO. 2011–CA–000094–MR*

These appeals result from the declaration of rights action filed by Baptist at the behest of the circuit court. In the petition, Baptist challenged the validity of 900 KAR 6:075 by arguing that it conflicted with KRS 216B.095(4).

As previously discussed, the issue concerning the validity of 900 KAR 6:075 should have been adjudicated by the circuit court in its review of the Cabinet's decision. It was clear error for the circuit court not to do so. The circuit court also erred by advising Baptist to file the instant declaration of rights action as no justiciable issue existed for adjudication.

Accordingly, we reverse and remand Appeal No.2011–CA–000049–MR and Cross–Appeal No.2011–CA–000094–MR with directions that the circuit court dismiss the underlying declaration of rights petition.

Kentucky.

4. Boonespring also raises the argument that its application for certificate of need complied with the state health plan because an application granted nonsubstantive review status is not reviewed for consistency with the state health plan. This argument is tenuous at

In summation, for the reasons stated, Appeal No.2010–CA–001466–MR is reversed, Cross–Appeal No.2010–CA–001505–MR is affirmed, and Appeal No.2011–CA–000049–MR and Cross–Appeal No.2011–CA–000094–MR are reversed and remanded with directions that the circuit court dismiss the underlying declaration of rights petition.

ALL CONCUR.

best. Kentucky Revised Statutes 216B.095(4) effectively mandates that applications for nonsubstantive review be approved unless inconsistent with the state health plan. Boonespring's application was shown by clear evidence to be inconsistent with the state health plan and was properly disapproved by the Cabinet.