RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0859-MR

BOWLING GREEN – WARREN
COUNTY COMMUNITY HOSPITAL
CORPORATION D/B/A THE
MEDICAL CENTER AT BOWLING
GREEN                                                                APPELLANT

|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
| v. | HONORABLE THOMAS D. WINGATE, JUDGE |
|  | ACTION NO. 23-CI-00379 |

THE COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES,
OFFICE OF INSPECTOR GENERAL,
DIVISION OF CERTIFICATE OF
NEED; AND GREENVIEW
HOSPITAL, INC.                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Bowling Green – Warren County Community Hospital Corporation d/b/a The Medical Center at Bowling Green (Medical Center) brings this appeal from a July 3, 2024, Opinion and Order of the Franklin Circuit Court affirming Finding of Fact, Conclusions of Law and Final Order of the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of the Inspector General, Division of Certificate of Need, and the granting of a certificate of need to Greenview Hospital Inc., d/b/a TriStar Greenview Regional East Hospital (Greenview Hospital).  We affirm.

On March 30, 2022, Greenview Hospital filed a certificate of need (CON) application #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(1) with the Commonwealth of Kentucky, Cabinet for Health and Family Services, Office of the Inspector General, Division of the Certificate of Need, (Cabinet).  In its CON application, Greenview Hospital sought to construct a new acute-care hospital with 72 beds in Warren County, Kentucky.  Greenview Hospital operates a 211-bed hospital in Bowling Green, and in the CON application, it proposed transferring the 72 beds for the new hospital from its existing hospital.  As the CON application sought to transfer 72 beds from its existing hospital to a new hospital, the Cabinet determined that the CON application qualified for nonsubstantive review under Kentucky Revised Statutes (KRS) 216B.095(3) and 900 Kentucky Administrative Regulations (KAR) 6:075.

As an "affected person," the Medical Center opposed the CON application and requested a hearing. KRS 216B.085; KRS 216B.015(3); 900 KAR 6:075, Section 2(7). A hearing officer conducted a public hearing over three days. At the hearing, the Medical Center carried the burden to overcome presumptions, by clear and convincing evidence, that Greenview Hospital's CON application complied with the State Health Plan[1] and that the proposed hospital was needed. KRS 216B.095; 900 KAR 6:075, Section 2(8). By March 31, 2023, Findings of Fact, Conclusions of Law and Final Order (Final Order), the hearing officer determined that the Medical Center failed to rebut the presumptions by clear and convincing evidence, and as a result, the Cabinet approved Greenview Hospital's CON application.

Thereafter, on April 28, 2023, the Medical Center filed a Complaint and Petition for Review and Appeal in the Franklin Circuit Court. KRS 216B.115. Therein, the Medical Center argued it had demonstrated, by clear and convincing evidence, that Greenview Hospital's new hospital was inconsistent with the State Health Plan and that the new hospital was not needed in the service area. By

---

[1] The State Health Plan is found in 900 Kentucky Administrative Regulations (KAR) 5:020, and the version in effect on March 30, 2022, is applicable as the certificate of need (CON) application was filed on that date. Similarly, we will apply the version of other applicable Kentucky Administrative Regulations that was in effect on March 30, 2022.

Opinion and Order entered July 3, 2024, the circuit court affirmed the Final Order and the approval of Greenview Hospital's CON application. This appeal follows.

## STANDARD OF REVIEW

With adjudicatory administrative hearings, judicial review of an administrative agency's decision generally revolves around arbitrariness.[2] *Hardin v. Louisville/Jefferson Cnty. Metro. Gov't*, 701 S.W.3d 155, 161 (Ky. 2024); *Landrum v. Commonwealth ex rel. Beshear*, 599 S.W.3d 781, 792 (Ky. 2019); *Kentucky Auth. for Educ. Television v. Estate of Wise*, 614 S.W.3d 506, 509-10 (Ky. App. 2020); *Alvey v. Davis*, 583 S.W.3d 20, 23 (Ky. App. 2019); *Watson v. Kentucky State Police*, 542 S.W.3d 300, 302 (Ky. App. 2018). It has been recognized that arbitrariness occurs when the action was in excess of granted powers, there was a lack of procedural due process, or there was a lack of substantial evidentiary support. *Kentucky Auth. for Educ. Television*, 614 S.W.3d at 509-10; *Alvey*, 583 S.W.3d 20, 23. Substantial evidence is evidence that "whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Starks v. Kentucky Health Facilities*, 684 S.W.2d 5, 7 (Ky. App. 1984) (quoting *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)). The credibility

---

[2] Kentucky Revised Statutes (KRS) 13B.020(3)(b) excludes certificate of need hearings from the ambit of KRS Chapter 13B.

and weight of evidence is within the province of the administrative agency, as factfinder. *Ford Contracting Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 407 (Ky. App. 2014). And, "[a]s an appellate court, we step into the shoes of the circuit court" to determine if the administrative agency acted arbitrarily. *Baptist Convalescent Center, Inc. v. Boonespring Transition Care Center, LLC*, 405 S.W.3d 498, 502-03 (Ky. App. 2012).

## CON APPLICATION

When a CON application is granted nonsubstantive review per KRS 216B.095(4), 900 KAR 6:075 Section 2(8) creates presumptions that the facility or service is required/needed and that the facility or service complies with the State Health Plan. So, if a hearing is not requested, the "Office of Inspector General shall approve each application for certificate of need that has been granted nonsubstantive review status," except where nonsubstantive review status was improperly granted. 900 KAR 6:075, Section 2(10). However, an affected party may request a hearing and rebut the presumptions of compliance with the State Health Plan and certificate of need by presenting clear and convincing evidence to the contrary. 900 KAR 6:075. Clear and convincing evidence is "proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people." *D.H. v. Cabinet for Health and*

*Family Servs.*, 640 S.W.3d 736, 740 (Ky. App. 2022) (quoting *Cabinet for Health and Family Servs. v. K.S.*, 585 S.W.3d 202, 209 (Ky. 2019)).

1. <u>Consistency With State Health Plan</u>

The Medical Center contends that it rebutted the presumption by clear and convincing evidence that the CON application was consistent with the State Health Plan. In particular, the Medical Center argues that Greenview Hospital failed to identify licensed physicians who would staff the new hospital without adversely affecting care at Greenview Hospital's existing hospital in Bowling Green. According to the Medical Center, Greenview Hospital "only stated vaguely that [t]he Medical Staff at the Existing Hospital will also cover the Second Greenview Hospital"; however, this evidence was insufficient as Greenview Hospital "lacks sufficient medical staff to provide even basic hospital care and treatment to patients at its Existing Hospital." Medical Center's Brief at 9. Additionally, the Medical Center maintains that Greenview Hospital provided unreliable hearsay evidence in the form of letters from area physicians who stated they would care for patients at the new hospital. The Medical Center asserts that while hearsay evidence may be admissible, the hearing officer cannot solely rely upon hearsay evidence to support his decision, which occurred in this case.

Under the State Health Plan, criterion I.A.3.d mandates the "[i]dentification of licensed physicians that would provide care and treatment to

patients at the proposed facility. The applicant shall further demonstrate that the retention of these individuals would not adversely affect the clinical care and treatment offered at other licensed acute care hospitals located within the planning area." Final Order at 14. At the hearing, evidence was introduced that physicians at the current Greenview Hospital would provide treatment and care to patients at the new hospital, as the two hospitals would be only three miles apart. It was also established that Greenview Hospital, through its owner HCA Healthcare, sponsors approximately 5,100 residents and fellows at hospitals throughout the country, and as a result, it has an increased ability to hire physicians for the new hospital. Additionally, letters from community physicians stated that they intended to provide care at the new facility, as well as the Medical Center and current Greenview Hospital.

As to these letters, the Medical Center believes the hearing officer erroneously relied upon same as they constituted hearsay evidence; however, 900 KAR 6:090 particularly permits the consideration of relevant hearsay evidence at the discretion of the hearing officer. Moreover, the Kentucky Rules of Evidence do not apply at the hearing. 900 KAR 6:090. And, the hearsay evidence was not the only evidence relied upon by the hearing officer. Upon the whole, we conclude that the Medical Center failed to rebut the presumption that Greenview Hospital could identify licensed physicians to staff the new hospital without adversely

affecting care at other local hospitals. In fact, there is substantial evidence of a probative value supporting the hearing officer's finding upon this issue.

2. <u>Need for New Hospital</u>

The Medical Center also asserts that the hearing officer erroneously found that the presumption of need for the new hospital had not been rebutted by clear and convincing evidence. The Medical Center points out that Greenview Hospital's daily census was 61 patients in 2021 and 64 patients in 2022. The Medical Center also cites that its hospital operated at 66 percent occupancy rate and had an average of 106 beds vacant in 2021. The Medical Center maintains that Greenview Hospital merely introduced evidence concerning the limitations of its current hospital, which was built in 1972. The Medical Center argues that Greenview Medical failed to demonstrate that three hospitals were needed in Bowling Green, Kentucky.

At the hearing, there was evidence introduced that Warren County is one of the fastest growing counties in Kentucky. Between 2020 and 2050, the evidence indicated that Warren County's population is expected to increase by 55 percent, and by 2050, Warren County would become the third most populated county in Kentucky. In fact, the evidence showed that Warren County led the state in economic development in 2022 and future economic development is expected to result in more population growth for the county. Also, the evidence illustrated that

the number of citizens over 65 years of age was increasing faster than the rest of the population in Warren County. David Tatman testified that the new hospital was needed to support the population growth and economic development in Warren County. Tatman had served on the Bowling Green Chamber of Commerce and reported to the Federal Reserve Bank Board concerning economic conditions in Warren County. Also, there was evidence that Greenview Hospital's inpatient days are increasing at a rate of 5 percent per year, and it anticipates 16,957 patient days in the new hospital in 2028. At its current hospital, Greenview Hospital is licensed for 211 acute care beds; however, the rooms are all semi-private. With private rooms, Greenview Hospital can only operate 118 acute care beds. The evidence indicated that due to the age of the hospital, it was not feasible for Greenview Hospital to renovate the rooms. Considering the evidence as a whole, we are of the opinion that the Medical Center failed to rebut the presumption of need and that there was substantial evidence showing that the new hospital was needed.

## DUE PROCESS

1. Surrebuttal

The Medical Center maintains that it was denied procedural due process when the hearing officer permitted Greenview Hospital to present a surrebuttal at the end of the hearing. In particular, the Medical Center complains

that Greenview Hospital's surrebuttal "testimony over the objection of [t]he Medical Center certainly does not measure up to the yardstick of fairness." Medical Center's Brief at 14. The Medical Center points out that no statute or regulation permits a party to present a surrebuttal at the hearing and that it was "entitled to the last word on rebuttal." Medical Center's Brief at 14.

In its Opinion and Order, the circuit court considered the Medical Center's above argument and rejected it, by reasoning:

> 900 KAR 6:090, Section 3(12) provides the minimum due process that a hearing officer must be afforded to a party including the ability to:
>
> (a) Present its case;
>
> (b) Make an opening statement;
>
> (c) Call and examine witnesses;
>
> (d) Offer documentary evidence into the record;
>
> (e) Make a closing statement; and
>
> (f) Cross-examine opposing witnesses on:
>
>> 1. Matters covered in direct examination; and
>>
>> 2. At the discretion of the hearing officer, other matters relevant to the issues.
>
> Greenview states that Petitioner was not only afforded the above, but also was given the ability to re-cross the witness, thus providing Petitioner "the last word." The Court respects the wide latitude given to a hearing officer

-10-

> under the applicable regulations governing CON hearings and the Court declines to find that the Hearing Officer acted out of turn or that Petitioner was negatively impacted by the Hearing Officer permitting "sur-rebuttal" and re-cross of a witness.

Opinion and Order at 6. Additionally, "in an administrative setting, procedural due process merely requires 'a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action.'" *Friends of Louisville Public Art, LLC v. Louisville/Jefferson Cnty. Metro Historic Landmarks and Pres. Dists. Comm'n*, 671 S.W.3d 209, 213 (Ky. 2023) (quoting *Hilltop Basic Res.*, *Inc. v. County of Boone*, 180 S.W.3d 464, 469 (Ky. 2005)). Based on our review of the record below, we hold that the Medical Center received procedural due process at the hearing.

2. Independent Findings of Fact

The Medical Center also argues that the hearing officer failed to make independent findings of fact and improperly delegated his decision-making authority to Greenview Hospital. The Medical Center argues that the hearing officer nearly verbatim adopted findings fact and conclusions of law prepared by Greenview Hospital. The Medical Center asserts that "the Hearing Officer failed

to compose even a single finding of fact or conclusion of law himself." Medical Center's Brief at 16.

As with a court, an administrative agency must ensure that its authority to decide cases is never delegated to a party. *T.R.W. v. Cabinet for Health and Family Servs.*, 599 S.W.3d 455, 459 (Ky. App. 2019); *see also Commonwealth Natural Res. and Envtl. Prot. Cabinet v. Kentec Coal Co., Inc.*, 177 S.W.3d 718, 724 (Ky. 2005). Nonetheless, "the mere adoption of one party's proposed findings does not constitute reversible error, unless it is shown that the court failed to exercise independent judgment." *Basham v. Basham*, 710 S.W.3d 1, 6 (Ky. App. 2025).

In this case, it is undisputed that the hearing officer did not wholly and completely adopt the proposed findings of fact and conclusions of law. Rather, the hearing officer exercised his independent judgment by deleting several paragraphs and by making corrections to the proposed findings of fact and conclusions of law. While the adoption of a party's proposed findings of fact and conclusions of law may be disfavored, it does not constitute error under the facts herein. *See Basham*, 710 S.W.3d at 6.

For the foregoing reasons, we affirm the Final Order of the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew R. Klein, Jr.
Mark D. Guilfoyle
David M. Dirr
Covington, Kentucky

BRIEF FOR APPELLEE
GREENVIEW HOSPITAL, INC.:

K. Kelly White Bryant
Bethany A. Breetz
Louisville, Kentucky

Janet A. Craig
Lexington, Kentucky